## (October 9, 1936.)

VINCENZO SCAPPUCCI, Also Known as JAMES SCAPPUCCI, Appellant, v. THE CARBORUNDUM COMPANY, Respondent.— Judgment and order affirmed, with costs. All concur. (The judgment is for defendant in an action for personal injuries, namely, contracting silicosis. The order denies a motion for a new trial upon the minutes.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

GEORGE D. NEWTON, as Committee of the Person and Estate of FELIX BOHENKO, an Incompetent Person, Appellant, v. GEORGE W. SCOTT and Others, Defendants, AMERICAN SURETY COMPANY OF NEW YORK, Appellant, LIVINGSTON COUNTY TRUST COMPANY, Respondent.— Order reversed on the facts as a matter of discretion, with ten dollars costs and disbursements. Memorandum: We regard the stipulation extending plaintiff's time to serve a complaint until twenty days after the attorney for respondent should have served a written demand therefor, and the failure by the respondent to serve such a demand at any time, as sufficient to absolve the plaintiff committee from the charge of unreasonable neglect to proceed in the action within section 181 of the Civil Practice Act. All concur. (The order grants a motion to dismiss the complaint for neglect in prosecuting the action brought to recover money which it is alleged was wrongfully permitted to be withdrawn.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

UNION TRUST COMPANY OF ROCHESTER, Respondent, v. LOUIS P. WILLSEA, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order grants a motion for judgment on the pleadings in an action to recover from a guarantor on a promissory note.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

ALAN ROCKCASTLE, an Infant under the Age of Fourteen Years, by His Guardian ad Litem, GARTH M. ROCKCASTLE, Appellant, v. WEBB MALLEY and Another, Respondents.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: Considering the age and experience of the infant plaintiff, the obstructions about the intersection, the speed of the defendants' automobile, and the direction in which the infant plaintiff and the automobile were proceeding, we reach the conclusion that questions of fact were presented which should be submitted to a jury in respect to the negligence of the defendant driver and the freedom from negligence of the infant plaintiff. All concur. (The judgment dismisses the complaint in an action for personal injuries when plaintiff, riding a bicycle, was struck by defendants' automobile.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.